IN THE UNITED STATES DISTRICT COURT
FOR CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                        ) | |
|     Plaintiff,     ) | |
|                                        ) | |
| v.                                     ) | Civil Action No.: 21-1164 |
|                                        ) | |
| FREDERICK SHOTKIN, individually and as ) | Judge: |
|   Administrator of the Estate of Rhoda Shotkin; ) | |
| MATTHEW P. SHOTKIN;                    ) | Magistrate Judge: |
| SUSAN SHOTKIN GASCON (or CASCON);      ) | |
| FINANCE OF AMERICA REVERSE LLC;        ) | Related Case: No. 3:19-cv-1506 (JCH) |
| TOWN OF WESTPORT, CONNECTICUT,         ) | |
|                                        ) | |
|     Defendants.    ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Frederick Shotkin and (2) determine that the federal tax liens against him attached to at least the half interest in certain real property titled to his deceased spouse, Rhoda Shotkin, that passed to him by intestate succession, notwithstanding his attempted disclaimer of the same, and may be enforced against said real property by a judicial sale free and clear of the claims of all defendants at such time as the United States determines to seek an order of enforcement. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

1

2. The defendant Frederick Shotkin resides in Fairfield County, Connecticut, within the jurisdiction of this Court. Frederick Shotkin has been appointed as the Administrator of the Estate of Rhoda Shotkin, Deceased, by the Probate Court for the District of Westport-Weston, Connecticut. In that capacity, he is presently claiming a right to seek quiet title to the property described below in a related action in this Court, Civil No. 3:19-cv-1506 (JCH).[1]

3. The defendant Matthew P. Shotkin resides in Fairfield County, Connecticut, within the jurisdiction of this Court.

4. The defendant Susan Shotkin Gascon or Susan Shotkin Cascon resides at 80 Impasse DES 69124 Colombier Saugnieu, France.[2]

5. The defendant Finance of America Reverse LLC is joined as a party because it may have a lien or claim an interest in the property described below by virtue of an assignment recorded with the Town Clerk for the Town of Westport, Connecticut at Book 3931, Page 136, and Book 4071, Page 257, of a mortgage in favor of MERS for a loan originally made by Urban Finance of America, LLC, dated November 17, 2014, and recorded at Book 3568, Pages 70-82.

---

[1] In the related action, Frederick Shotkin as Administrator is attempting to quiet title to the Real Property as against a prior claim of the United States that Rhoda held title in part (50%) as the nominee of Frederick Shotkin. The United States maintains that the passing of the property under the laws if intestate succession moots the quiet title issue. However, in the unlikely event that the Court determines that the federal tax liens do not encumber any interest in the Real Property as a result of the passage of an interest to Frederick Shotkin under the laws of intestate succession, or should the Estate otherwise somehow acquire an interest in the property, the United States reserves the right to continue to defend against the quiet title complaint by proving that Rhoda held title prior to her death in part as the nominee of Frederick Shotkin and/or the right to assert the nominee theory of collection as an alternative basis for this complaint.

[2] The United States' knowledge of the name and address of the daughter of Rhoda Shotkin and Frederick Shotkin is based on hand-written documents that Frederick Shotkin filed in the probate court for Westport, Connecticut. It is unclear from those papers whether the daughter's married name is Gascon or Cascon, so both are listed as alternatives.

6.     Defendant Town of Westport, Connecticut is joined as a party because, as a local taxing authority, it may have a lien or claim an interest in the property described below. The United States acknowledges that the town's liens for real property taxes are superior to the federal tax liens pursuant to 26 U.S.C. §6323(b)(6).

7.     The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 5 Brookside Drive, Westport, Connecticut 06880 and has a legal description as follows:

> All that certain piece or parcel of land, together with the buildings thereon, situated in the Town of Westport, County of Fairfield, and State of Connecticut, bounded and described as follows:
>
> | | | |
> |---|---|---|
> | NORTHERLY | 112.00 feet by land now or formerly of Ernest E. and Evelyn M. Four; |
> | EASTERLY | 305.35 feet by land now or formerly of Florence B. Vose; |
> | SOUTHERLY | 115.00 feet by Brookside Drive; and |
> | WESTERLY | 282.65 feet by land now or formerly of Thomas H. and Leila S. Lenagh. |

Frederick Shotkin and Rhoda Shotkin acquired joint title to the Real Property by a deed recorded February 2, 1970, with the Town Clerk of Westport at Book 273, Pages 421-422. Frederick Shotkin transferred title to his interest in the Real Property to Rhoda Shotkin by a statutory form warranty deed recorded June 22, 1982, with the Town Clerk of Westport at Book 599, Page 80. As more particularly set forth below, Rhoda died intestate on April 17, 2020.

## COUNT ONE
**(Claim Against Frederick Shotkin to Reduce Income Tax Liabilities to Judgment)**

8. The United States incorporates by reference paragraphs 1 through 7 as if specifically realleged herein.

9. A delegate of the Secretary of the Treasury made assessments against Frederick Shotkin for income taxes, on the dates, and in the amounts described below. These liabilities have balances due as of August 23, 2021, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 12/19/2018 |
|---|---|---|---|---|
| 12/31/2006 | 11/26/2007 | Tax | $52,160.60 | $45,859.30 |
| 12/31/2007 | 11/24/2008 | Tax | $39,691.00 | $69,310.69 |
| 12/31/2008 | 11/23/2009 | Tax | $43,744.00 | $62,784.02 |
| 12/31/2009 | 1/10/2011 | Tax | $28,520.91 | $52,996.82 |
| 12/31/2010 | 12/26/2011 | Tax | $29,170.10 | $50,977.44 |
| 12/31/2011 | 4/9/2012 | Tax | $32,605.00 | $56,371.07 |
| 12/31/2012 | 12/2/2013 | Tax | $10,676.00 | $10,857.36 |
| **Total** | | | | **$349,156.70** |

10. Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, Frederick Shotkin.

11. Despite proper notice and demand, Frederick Shotkin failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $349,156.70, plus statutory additions and interest accruing from and after August 23, 2021.

12. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 for

the years 2006 through 2009, because the statute of limitations was suspended by collection due process hearings pursuant to 26 U.S.C. §§ 6320(c) and/or 6330(e) and by offers in compromise pursuant to § 6331(i) and (k).[3] It is unnecessary for the United States to rely on tolling of the period of limitations under 26 U.S.C. § 6502 for the years 2010 through 2012.

13.     For tax years 2006, 2007, 2008, and 2009, Frederick Shotkin submitted collection due process hearing requests under 26 U.S.C. §§ 6320 and/or 6330 and/or offers-in-compromise under 26 U.S.C. § 7122, which suspended the ten-year period of limitations on collection under 26 U.S.C. § 6502 for the numbers of days as set forth below.

| Tax Year | Collection Due Process Hearing Request Date | Collection Due Process Hearing Decision Date | Offer-in-Compromise Received Date | Offer-in-Compromise Denial Date | Number of Days the Statute of Limitations for Collection was Tolled |
|---|---|---|---|---|---|
| 2006 | 7/28/2009 (lien) | 10/28/2011 | | | 822 |
| | | | 2/27/2012 | 6/10/2013 | 469 |
| | | | 12/10/2013 | 1/24/2014 | 45 (*45) |
| | 12/23/2013 (levy) | 12/5/2019 | | | 2,173 |
| | | | 12/10/2013 | 4/8/2015 | 485 (*472) |
| Total | (omitting * overlap days) | | | | **3,477** |
| 2007 | 7/28/2009 (lien) | 10/28/2011 | | | 822 |
| | | | 2/27/2012 | 6/10/2013 | 469 |
| | | | 12/10/2013 | 1/24/2014 | 45 (*45) |
| | 12/23/2013 (levy) | 12/5/2019 | | | 2,173 |

---

[3] Section 6331(k)(3)(B) incorporates (i)(5), which suspends the statute of limitations on collection under 6502 "for the period during which the Secretary is prohibited . . . from making a levy." Section 6331(k)(1) prohibits a levy while an offer in compromise is "pending." Section 6320(c) incorporates the provisions in Section 6330(e) suspending the statute of limitations on collection under 6502.

|  |  |  | 12/10/2013 | 4/8/2015 | 485 (*472) |
|---|---|---|---|---|---|
| Total | (omitting * overlap days) |  |  |  | **3,477** |
| 2008 |  |  | 2/27/2012 | 6/10/2013 | 469 |
|  |  |  | 12/10/2013 | 1/24/2014 | 45 (*45) |
|  | 12/23/2013 (lien & levy) | 12/5/2019 |  |  | 2,173 |
|  |  |  | 12/10/2013 | 4/8/2015 | 485 (*472) |
| Total | (omitting * overlap days) |  |  |  | **2,655** |
| 2009 |  |  | 2/27/2012 | 6/10/2013 | 469 |
|  |  |  | 12/10/2013 | 1/24/2014 | 45 (*45) |
|  | 12/23/2013 (lien & levy) | 12/5/2019 |  |  | 2,173 |
|  |  |  | 12/10/2013 | 4/8/2015 | 485 (*472) |
| Total | (omitting * overlap days) |  |  |  | **2,655** |

## COUNT TWO
**(Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)**

14. The United States incorporates by reference paragraphs 1 through 13 as if specifically realleged herein.

15. Rhoda Shotkin became the sole titleholder to the Real Property by the deeds recorded February 2, 1970, and June 22, 1982, as described in paragraph 7 above.

16. On April 17, 2020, Rhoda Shotkin died intestate.

17. At the time of her death, Rhoda Shotkin was married to Frederick Shotkin, and they had two adult children, Matthew P. Shotkin and Susan Shotkin Gascon or Susan Shotkin Cascon.

18. By operation of Connecticut's laws of intestate succession in general, and of Connecticut Gen. Stat. § 45a-437(a)(3) specifically, at the moment of Rhoda Shotkin's death, the

6

Real Property passed to Frederick Shotkin (50%), Matthew Shotkin (25%), and Susan Shotkin Gascon (or Cascon) (25%).

19. Because Frederick Shotkin neglected, refused, or failed to pay the liabilities described in paragraph 9 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments (and thus prior to the disclaimer referenced in the following paragraph), and they attached to Frederick Shotkin's interest by intestate succession in the Real Property at the moment of Rhoda Shotkin's death.

20. On January 14, 2021, Frederick Shotkin filed a disclaimer of his intestate share of Rhoda Shotkin's property.

21. On January 14, 2021, Matthew Shotkin filed a disclaimer of his intestate interest in Rhoda Shotkin's property.

22. As a matter of federal law, Frederick Shotkin's disclaimer, assuming it was effective pursuant to state law, was ineffective to divest or prevent the federal tax liens for his 2006 through 2012 federal income tax liabilities from attaching to his interest by intestate succession in the Real Property. *Drye v. United States*, 528 U.S. 49, 53, 56-7, 60-61 (1999); *United States v. Comparato*, 22 F.3d 455 (2d Cir. 1994), aff'd 22 F.3d 455 (2d Cir. 1994), cert. den. 513 U.S. 986 (1994).

23. Alternatively, the disclaimers were ineffective under Connecticut law as to real property that passed by intestate succession, at least insofar as concerns duly recorded liens against the disclaiming interest holder.

24. The Estate of Rhoda Shotkin holds no present interest in the Real Property. Additionally, and to the extent considered relevant, the Estate does not need the Real Property to

pay any debts of the decedent because the mortgage described above is a non-recourse mortgage under which Rhoda Shotkin was not personally liable.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.     Judgment against the defendant Frederick Shotkin for income tax liabilities for the years 2006 through 2012 in the total amount of $349,156.70, plus statutory additions and interest accruing from and after August 23, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.     A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph 9 on the Real Property to the extent of the half interest that passed to Frederick Shotkin by intestate succession notwithstanding his subsequent disclaimer, which may be enforced by a judicial sale of the entire property (including by having the Court appoint a real estate agent as a receiver to sell the property at full market value pursuant to 26 U.S.C. § 7403(d)), free and clear of the claims of all defendants with their respective interests to attach to the proceeds, at such time as the United States determines to seek such a sale seek an order of sale; and

C.     The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Alan Shapiro*
ALAN SHAPIRO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
202-532-3714 (v) / 202-514-5238 (f)
Alan.M.Shapiro@usdoj.gov
